Audra L. Thompson (SBN 218479)
**DUANE MORRIS LLP**
865 S. Figueroa Street, Suite 3100
Los Angeles, CA  90017-5450
Telephone:  (213) 689-7400
Facsimile:  (213) 689-7401
Email: AThompson@duanemorris.com

*Attorneys for Plaintiff John Durant*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT CALIFORNIA

| | |
|---|---|
| JOHN DURANT d/b/a JOHN DURANT PHOTOGRAPHER,<br><br>Plaintiff,<br><br>v.<br><br>JONES FIRE PROTECTION, INC., a California Corporation<br><br>Defendant. | Case No.:  **'16 CV 2243 GPC NLS**<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff  John Durant ("Plaintiff"), by his undersigned attorneys, Duane Morris LLP, for his Complaint, alleges as follows:

## SUBSTANCE OF THE ACTION

1.    This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501, and violation of the Digital Millennium Copyright Act in violation of 17 U.S.C. § 1202.  Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

## PARTIES

2.    Plaintiff John Durant is an individual doing business under the name John Durant Photographer at 3421 Tripp Ct., Studio 4, San Diego, California 92121.

1
COMPLAINT AND JURY DEMAND

DM2\7120097.1

3.     Upon information and belief, Defendant Jones Fire Protection, Inc. ("JFP") is a corporation organized under the laws of California, with an office located at 1170 San Dieguito Drive, Encinitas, CA 92024.

## JURISDICTION AND VENUE

4.     This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338)(a) (jurisdiction over copyright actions).

5.     Personal jurisdiction over Defendant is proper.  Defendant is a California corporation and maintains an office at 1170 San Dieguito Drive, Encinitas, CA 92024. Further, Defendant has caused Plaintiff harm in this state and judicial district, including without limitation the harm caused to Plaintiff's exclusive copyrights in this jurisdiction that has been undertaken and used, in part, to promote the business that Defendant conducts in this forum.

6.     Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because Defendant does business in this district and maintains an office at 1170 San Dieguito Drive, Encinitas, CA 92024.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.     Plaintiff's Business**

7.     Plaintiff is a professional photographer in California, who, through his business, creates and licenses photographic images for various uses.

8.     Plaintiff is a talented and highly-acclaimed architectural photographer, specializing in interior, exterior and aerial photography.  Plaintiff's notable style and artistry make his photographs very popular and valuable.

9.     Plaintiff created and holds exclusive copyright ownership of the stylized and popular photographic image of an interior living room / kitchen area within the

DM2\7120097.1

Suncatch Estate (the "Copyrighted Work").  A true and accurate copy of the Copyrighted Work is attached hereto as Exhibit A.

10.   The Copyrighted Work is an original work of authorship created by and belonging to Mr. Durant.

11.   On October 2, 2006, Plaintiff obtained a registration with the United States Copyright Office for a collection of photographic images titled, "Third Quarter 2006," which included the Copyrighted Work.  Attached hereto as Exhibit B is a copy of the certificate for Registration Number VA 1-390-149 obtained from the United States Copyright Office, which covers (among other images) the Copyrighted Work.

12.   When Plaintiff displayed the Copyrighted Work on his website and provided a digital copy of the Copyrighted Work to a licensee, he included identifying information about himself as the photographer, including his contact information as well as others details about the picture, in an electronic file accompanying the digital image referred to by the Plaintiff as metadata and also known as an exchangeable image file format, or so-called EXIF file ("metadata / EXIF").

13.   The metadata / EXIF accompanying the digital version of the Copyrighted Work displayed and distributed by the Plaintiff constitutes copyright management information for purposes of the Digital Millennium Copyright Act.

**B.   Defendant's Unlawful Activities**

14.   Plaintiff recently discovered that Defendant has been infringing upon Plaintiff's exclusive copyright in the Copyrighted Work.

15.   For example, Defendant has been reproducing, distributing, and publicly displaying the Copyrighted Work, without Plaintiff's authorization or permission, in furtherance of efforts to market and sell products and/or services, at the following website addresses owned and operated by the Defendant (the "Infringing Works"):

- http://www.jonesfirepro.com/Jones_Fire_Protection/PROJECTS/Entries/2011/1/12_Suncatch_Estate_files/jdint_0333.jpg

3

COMPLAINT AND JURY DEMAND

- http://www.jonesfirepro.com/Jones_Fire_Protection/PROJECTS/Entries/2011/1/12_Suncatch_Estate.html

16.     Screenshots demonstrating Defendant's unauthorized Infringing Works are attached hereto as Exhibit C.

17.     On June 24, 2016, Plaintiff sent a letter via United States mail and electronic mail to Defendant demanding that Defendant cease infringing the Copyrighted Work and pay compensation for its unauthorized use thereof.  *See* Demand Letter attached as Exhibit D.

18.     On June 27, 2016, Defendant responded to Plaintiff's letter by reporting that the Copyrighted Work was "fully and completely removed from the JFP website", but refused to respond to Plaintiff's demand for compensation concerning the unauthorized use of the Copyrighted Work.  *See* Defendant Responses attached as Exhibit E.

19.     On information and belief, the copyright management information as embedded in the metadata / EXIF file of the Copyrighted Work as displayed and licensed by the Plaintiff was removed and did not appear in the Infringing Works as reproduced, displayed and distributed on Defendant's website.

20.     On information and belief, Defendant reproduced an infringing copy of the Copyrighted Work off of a website on which an authorized licensee displayed the Copyrighted Work, displaying copyright management information crediting the Plaintiff as photographer.  Defendant omitted that information from the infringing copy as displayed and distributed on its website.  On information and belief, Defendant omitted this information in order to conceal its infringement of Plaintiff's Copyrighted Work.

DM2\7120097.1

### FIRST CLAIM FOR RELIEF
### DIRECT COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 101 *et seq.*)

21.    Plaintiff realleges the preceding paragraphs 1 through 20 and incorporates them by reference as if fully set forth herein.

22.    The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

23.    Plaintiff is sole and exclusive owner of the copyrights, including the right to sue for infringement of the copyright in the Copyrighted Work.

24.    Upon information and belief, as a result of Plaintiff's reproduction, distribution and public display of the Copyrighted Work, Defendant had access to the Copyrighted Work prior to the creation of Defendant's Infringing Works.

25.    By reproducing, distributing and publicly displaying the Infringing Works, as described above, Defendant violated and infringed upon Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501.

26.    Upon information and belief, Defendant's infringement of Plaintiff's copyright in the Copyrighted Work is willful and deliberate, and Defendant has profited at the expense of Plaintiff.

27.    As a direct and proximate result of Defendant's infringement of Plaintiff's copyright and exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover his actual damages from Defendant's illegal and improper uses of the Copyright Work, in an amount to be proven at trial.  In addition, Plaintiff is entitled to recover damages based on the disgorgement of Defendant's profits resulting from its infringement of the Copyrighted Work, in an amount to be proven at trial.

28.    In the alternative, and at Plaintiff's election, Plaintiff is entitled to statutory damages, pursuant to 17 U.S.C. § 504(c), up to the maximum amount of $150,000 with respect to the infringing reproduction, distribution, and public display

1   for the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. §

2   504(c).

3       29.   Plaintiff is also entitled to his costs, including reasonable attorneys' fees,

4   pursuant to 17 U.S.C. § 505.

5       30.   Defendant's prior and continued infringing conduct has caused and will

6   continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff

7   has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a

8   permanent injunction prohibiting infringement of Plaintiff's exclusive rights under

9   copyright law.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT**
**(17 U.S.C. § 1202)**

13      31.   Plaintiff realleges the allegations of the preceding paragraphs 1 through

14  30 and incorporates them by reference as if fully set forth herein.

15      32.   Defendant has, on information and belief, intentionally removed the

16  metadata / EXIF copyright management information included with Plaintiff's

17  Copyrighted Work as displayed and distributed by the Plaintiff.

18      33.   Upon information and belief, Defendant removed and/or altered

19  Plaintiff's copyright management information knowing or having reasonable grounds

20  to know that such actions would conceal its infringement of Plaintiff's copyright,

21  because it would make it more difficult for Plaintiff to search for his image on the

22  internet to locate infringing uses of the Copyrighted Work and find the Infringing

23  Works.

24      34.   Upon information and belief, Defendant's acts in violation of the Digital

25  Millennium Copyright Act were and are willful.

26      35.   By reason of Defendant's violations of the Digital Millennium Copyright

27  Act, Plaintiff has sustained and will continue to sustain substantial injuries.

28

COMPLAINT AND JURY DEMAND

DM2\7120097.1

36.     Further irreparable harm is imminent as a result of Defendant's conduct, and Plaintiff is without an adequate remedy at law.  Plaintiff is therefore entitled to an injunction, in accordance with 17 U.S.C. § 1203(b), restraining Defendant, its officers, directors, agents, employees, representatives, assigns, and all persons acting in concert with Defendant from engaging in further violations of the Digital Millennium Copyright Act.

37.     In lieu of Defendant's profits derived from its violations of the Digital Millennium Copyright Act or Plaintiff's actual damages, Plaintiff may elect to and is entitled to recover statutory damages in accordance with 17 U.S.C. § 1203(c)(3)(B).

38.     Plaintiff is entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 1203(b)(4) and (5).

WHEREFORE, Plaintiff demands judgment as follows:

1.     A declaration that Defendant has infringed Plaintiff's exclusive copyrights under the Copyright Act in the Copyrighted Work;

2.     A declaration that such infringement is willful;

3.     An award of such of actual damages caused by, and disgorgement of Defendant's profits in connection with, Defendant's copyright infringement under 17 U.S.C. § 504(b) in amounts to be determined at trial, or, at Plaintiff's election, an award of statutory damages under 17 U.S.C. §§ 504(c) in an amount to be determined by the Court up to a maximum of $150,000 based on Defendant's willful infringement of the Copyrighted Work;

4.     A declaration that Defendant has violated the Digital Millennium Copyright Act by intentionally removing Plaintiff's copyright management information from the Copyrighted Work in when copying, distributing and publicly displaying its Infringing Works, in order to conceal its infringement;

5.     Awarding Plaintiff all gains, profits, property, and advantages obtained or derived by Defendant from its acts of copyright infringement and violations of the

DM2\7120097.1

Digital Millennium Copyright Act or, in lieu thereof and at Plaintiff's election, such statutory damages as the Court shall deem proper under 17 U.S.C. § 1203(c)(3)(B), including damages up to $25,000 for each violation of the Digital Millennium Copyright Act;

6.     Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, pursuant to 17 U.S.C. §§ 505 and 1203(b)(5);

7.     Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

8.     Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from:

  (a)   directly or indirectly infringing Plaintiff's copyright or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity; and

  (b)   directly or indirectly removing or altering any copyright management information from, or providing or distributing any false copyright management information in connection with, Plaintiff's Copyrighted Work.

9.     For such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

DM2\7120097.1

Dated:  September 6, 2016        Respectfully Submitted

**DUANE MORRIS LLP**

s/Audra L. Thompson
Audra L. Thompson
*Attorneys for Plaintiff John Durant*

COMPLAINT AND JURY DEMAND

DM2\7120097.1

# EXHIBIT COVER PAGE

| Exhibit | Page No. | Description |
|---|---|---|
| A | 11 | Copyrighted Work |
| B | 13 | Registration |
| C | 15 | Screen Shots |
| D | 19 | Demand Letter |
| E | 22 | Defendant's Response |

# Exhibit A



EXHIBIT A – PAGE 12

# Exhibit B

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.



*Marybeth Peters*

Register of Copyrights, United States of America



**Form VA**
For a Work of the Visual Arts
**UNITED STATES COPYRIGHT OFFICE**

REGIST

**VA 1-390-149**

EFFECTIVE DATE OF REGISTRATION

Oct 2 2006
Month   Day   Year

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1**

Title of This Work ▼
THIRD QUARTER 2006

NATURE OF THIS WORK ▼ See Instructions
PHOTOGRAPHY

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼   Number ▼   Issue Date ▼   On Pages ▼

**2**

NAME OF AUTHOR ▼
**a** JOHN DURANT

DATES OF BIRTH AND DEATH
Year Born ▼ 1953   Year Died ▼ N/A

Was this contribution to the work a "work made for hire"?
☐ Yes
☑ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of _ USA
Domiciled in _ USA

Was This Author's Contribution to the Work
Anonymous? ☐ Yes ☑ No
Pseudonymous? ☐ Yes ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

Nature of Authorship Check appropriate box(es). **See Instructions**
☐ 3-Dimensional sculpture   ☐ Map   ☑ Photograph   ☐ Technical drawing
☐ 2-Dimensional artwork   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

Name of Author ▼
**b** JOHN DURANT

Dates of Birth and Death
Year Born ▼ 1953   Year Died ▼ N/A

Was this contribution to the work a "work made for hire"?
☐ Yes
☑ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of _ USA
Domiciled in _ USA

Was This Author's Contribution to the Work
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es). **See Instructions**
☐ 3-Dimensional sculpture   ☐ Map   ☑ Photograph   ☐ Technical drawing
☐ 2-Dimensional artwork   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

**3**

**a** Year in Which Creation of This Work Was Completed
2006
This information must be given Year in all cases.

**b** Date and Nation of First Publication of This Particular Work
Complete this information Month 9/29 Day 2006 Year 2006
ONLY if this work has been published.
USA Nation

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
JOHN DURANT
3421 TRIPP CT #4, SAN DIEGO CA 92121

See instructions before completing this space.

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
OCT 0 2 2006
ONE DEPOSIT RECEIVED
OCT 0 2 2006
TWO DEPOSITS RECEIVED
FUNDS RECEIVED

DO NOT WRITE HERE OFFICE USE ONLY

---

MORE ON BACK ▶   • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.   • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of __ pages

# Exhibit C

EXHIBIT C – PAGE 15



ro.com/Jones_Fire_Protection/PROJECTS/Entries/2011/1/12_Suncatch_Estate.html | ∨ C | Q Search | ☆ | ⾃

 

with twenty six thousand four hundred square feet of living space and the remaining footage for the Ferrari collection at the lower level of the house.

Please visit the website of Norm Applebaum to see more of this truly amazing single family residence.
http://www.normapplebaum.com/the_estate/index.html .





Architect: Norm Applebaum

General Contractor: Lang Contracting

< PREVIOUS

NEXT >




44 × 515 pixels) - Mozilla Firefox

PE... ×

ɔro.com/Jones_Fire_Protection/PROJECTS/Entries/2011/1/12_Suncatch_Estate_files/jdint_0333.jpg

Search



Screenshot: 25 Aug 2015 00:21:04

**EXHIBIT C– PAGE 17**

Home    Services    PROJECTS    About Us    Contact

# PROJECTS



**SUNCATCH ESTATE**

Rancho Santa Fe, CA
Scope of Work: Design / Build overhead fire sprinkler systems, underground supply, and fire hydrants.

Total sprinkled area: 64,000 square feet

The estate nestles on 30 acres in the prestigious area of Rancho Santa Fe, California, one of the most exclusive locations in the nation. Lush gardens, palm canyons, creative water features, succulent gardens, formal maze and hidden meditation getaways fill the site. The facilities include an equestrian stable, cantilevered clay tennis court and a one hundred twenty five foot long swimming pool in blue mosaic Italian glass tile.

Architect Norm Applebaum states "It was 1997 when my client declared, " I want the finest house in the region ". From that point on until it was finished some 8 years later, "Suncatch" was the experience of a lifetime. What was created, as so many people have exclaimed since its opening in 2005, was one of the great houses of the 21st century."

The main structure consists of fifty four thousand square feet with twenty six thousand four hundred square feet of living space and the remaining footage for the Ferrari collection at the lower level of the house.

Please visit the website of Norm Applebaum to see more of this truly amazing single family residence.
http://www.normapplebaum.com/the_estate/index.html .







Architect: Norm Applebaum

General Contractor: Lang Contracting

< PREVIOUS

NEXT >

Modified: 18 Jan 2012  Screenshot
fied: 18 Jan 2012  Screenshot: 25 Aug 2015 00:21:22

**EXHIBIT C – PAGE 18**

# Exhibit D

# DuaneMorris®

*FIRM and AFFILIATE OFFICES*

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
SHANGHAI
BOSTON
HOUSTON
LOS ANGELES
HANOI
HO CHI MINH CITY

ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
*A GCC REPRESENTATIVE OFFICE
OF DUANE MORRIS*

MEXICO CITY
ALLIANCE WITH
MIRANDA & ESTAVILLO
SRI LANKA
ALLIANCE WITH
GOWERS INTERNATIONAL

STEVEN M. COWLEY
DIRECT DIAL: +1 857 488 4261
PERSONAL FAX: +1 857 401 3090
E-MAIL: SMCowley@duanemorris.com

*www.duanemorris.com*

June 24, 2016

## VIA US MAIL AND E-MAIL

Douglas E. Jones
Jones Fire Protection, Inc.
234 Hanauana Road
Haiku, HI 96708-5733
E-mail: PACIFICOISLAND@AOL.COM

Re:     **Copyright Infringement by Jones Fire Protection, Inc.**

Dear Mr. Jones:

This firm has been engaged to represent John Durant ("Mr. Durant") in connection with the enforcement of his copyrights in a digital photographic image that has been infringed by Jones Fire Protection, Inc. ("JFP").

Specifically, Mr. Durant is the exclusive owner of all copyrights in the stylized and popular photographic image of an interior living room / kitchen area within the Suncatch Estate (the "Copyrighted Work"). Mr. Durant has obtained the following registration with the United States Copyright Office for the Copyrighted Work (among other photographs taken in the third quarter of 2006): VAu 1-390-149.

Mr. Durant is a well-known professional photographer specializing in architecture and design images. Mr. Durant's acclaimed style and artistry makes the Copyrighted Work, like many of his photographs, very popular and valuable.

It has come to our attention that a website owned and / or operated by JFP - www.jonesfirepro.com - reproduces, distributes, and publicly displays the Copyrighted Work without permission. Specifically, JFP's infringing uses of Mr. Durant's Copyrighted Work may be found at the following URLs:

- http://www.jonesfirepro.com/Jones_Fire_Protection/PROJECTS/Entries/2011/1/1 2_Suncatch_Estate_files/jdint_0333.jpg

DUANE MORRIS LLP
_____
100 HIGH STREET, SUITE 2400   BOSTON, MA 02110-1724            PHONE: +1 857 488 4200   FAX: +1 857 488 4201
DM2\6907779.1

**EXHIBIT D – PAGE 20**

DuaneMorris

Douglas E. Jones
Jones Fire Protection, Inc.
June 24, 2016
Page 2

- http://www.jonesfirepro.com/Jones_Fire_Protection/PROJECTS/Entries/2011/1/1
  2_Suncatch_Estate.html

JFP's infringing reproduction, distribution and public display of Mr. Durant's Copyrighted Work have caused harm, and continue to cause harm, to Mr. Durant, in violation of the Copyright Act, 17 U.S.C. § 501, et seq.

Mr. Durant demands that JFP immediately cease all infringing reproduction, distribution and display of the Copyrighted Work by removing all the images from any website or web page owned or controlled by JFP that displays the Copyrighted Work, including without limitation the above-referenced URLs, and from JFP's systems and databases, and by taking all necessary steps to remove the Copyrighted Work from any cache or other collection of web pages containing the Copyrighted Work as displayed on JFP's web site, wherever that cache or collection may be stored, and to certify that all infringing copies of the Copyrighted Work have been destroyed.

Mr. Durant further demands that JFP account for its copyright infringement by paying $35,000 for its unauthorized use of the Copyrighted Work. That fee will not cover or authorize any further use, display, copying or reproduction of the Copyrighted Work, it will only resolve JFP's copyright infringement to date. Should the parties be unable to resolve this matter with a mutually satisfactory settlement at this time, Mr. Durant reserves all rights and remedies available under the Copyright Act and other applicable federal and state law. In the circumstance where Mr. Durant is required to pursue a lawsuit to enforce his exclusive copyrights, he will no longer be in a position to accept this amount to resolve the dispute.

Please have counsel on behalf of JFP contact me to inform us how JFP intends to address the issues raised in this letter by Friday, July 1, 2016.

Sincerely,

Steven M. Cowley

cc: John Durant

EXHIBIT D – PAGE 21

# Exhibit E

`

**From:** Robert Bornhoft [mailto:rbornesq@aol.com]
**Sent:** Monday, June 27, 2016 5:08 PM
**To:** Cowley, Steven M.
**Cc:** info@jonesfirepro.com; PacificOIsland@aol.com
**Subject:** Copyright Infringement by Jones Fire Protection, Inc.

Mr. Cowley,

Please be advised that Douglas E. Jones / Jones Fire Protection, Inc.("JFP") has engaged this law firm to respond to your letter dated June 24, 2016.  Initially, the subject digital photographic image of the interior living room / kitchen area within the Suncatch Estate has been fully and completely removed from the JFP website.  Mr. Jones sincerely apologizes for this misunderstanding.  Mr. Jones inadvertently and innocently placed the picture on the website on the mistaken belief that by naming the architect it would not be in violation any infringement rights.

It is JFP belief that this minor infraction has not damaged Mr. Durant.  And, furthermore, JFP has no financial resources whatsoever to compensate Mr. Durant for any potential damages that might be alleged.

I trust this will conclude this matter.

Sincerely,

Robert W. Bornhoft, Esq.
BORNHOFT & BERKENSTADT
The Timbers
445 Marine View Avenue, Suite 300
Del Mar, CA 92014
T (858) 261.2403
F (858) 261-2401
www.robertwbornhoft.com


THE CONTENTS OF THIS E-MAIL ARE PRIVILEGED AND CONFIDENTIAL AND IT IS INTENDED ONLY FOR THE USER OF THE E-MAIL ADDRESS TO WHICH IT IS ADDRESSED.

No one else may copy or forward all or any of this message in any form.  If you received this e-mail in error, please reply to advise the sender of the error and then immediately delete this message.  Although this e-mail and any attachments are believed to be free of any virus or other

defect that might affect any computer system to which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Bornhoft and Berkenstadt for any loss or damage arising in any way from its use.

From: Cowley, Steven M. <SMCowley@duanemorris.com>
To: pacificoisland <pacificoisland@aol.com>; info <info@jonesfirepro.com>
Sent: Fri, Jun 24, 2016 9:29 am
Subject: Copyright Infringement by Jones Fire Protection, Inc.

Mr. Jones,

I would appreciate hearing from counsel on behalf of Jones Fire Protection, Inc. at your earliest opportunity to discuss potential resolution of the issues raised in the attached letter.

Regards,

**Steven M. Cowley**
Partner

Duane Morris LLP
100 High Street, Suite 2400
Boston, MA 02110-1724
**P:** +1 857 488 4261
**F:** +1 857 401 3090
**C:** +1 617 429 7142

SMCowley@duanemorris.com
www.duanemorris.com

For more information about Duane Morris, please visit http://www.DuaneMorris.com

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.