# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DURANT d/b/a JOHN DURANT PHOTOGRAPHER,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>JONES FIRE PROTECTION, INC., a California Corporation,<br><br>　　　　　　　Defendant. | CASE NO. 16cv2243-GPC(NLS)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER DIRECTING THAT SERVICE BE MADE ON THE CALIFORNIA SECRETARY OF STATE**<br><br>[Dkt. No. 3.] |

Before the Court is Plaintiff's ex parte application for an order directing that service of summons be made on Defendant by personal delivery to the California Secretary of State as provided under California Corporations Code section 1702.

**Background**

On September 6, 2016, Plaintiff filed a complaint against Defendant for copyright infringement and violation of the Digital Millenium Copyright Act. (Dkt. No. 1., Compl.) On September 8, 9, 10, 11, and 12, 2016[1], Plaintiff attempted to personally service the Summons and Complaint on Defendant's designated agent for service of process in California, David Severson. (Dkt. No. 3-2, Thompson Decl., Ex.

---

[1] The Court notes that the declaration contains a typographical error stating that service was attempted on August 8, 9, 10, 11 and 12, 2016. (Dkt. No. 3-2, Thompson Decl. ¶ 4.)

2.) After a few attempts, a note was left on the door to advise of the attempted service and when the process server returned, the note was gone, the lights were on, but no one answered the door. (Id. ¶ 5.)

On September 22, 2016, Plaintiff attempted to serve Defendant through its registered agent for service of process, Douglas E. Jones, in Hawaii on three occasions on the same day. (Id. ¶ 6; id., Ex. 3.) Then on September 28, 2016 and September 29, 2016, the process server attempted personal service again and learned from a neighbor that the occupant is typically gone for weeks at a time and no one was seen at the property the week of September 26, 2016. (Id. ¶ 8.)

Plaintiff seeks to serve Defendant by way of personal delivery to the Secretary of State of California.

**Discussion**

Federal Rule of Civil Procedure 4(h)(1)(A) provides that a corporation may be serviced "in the manner prescribed by Rule 4(e)(1)." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) states that service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

In California, a corporation may be served through four categories of individuals: "(1) a designated agent for service of process, (2) enumerated officers and other authorized agents of the corporation; (3) a cashier or assistant cashier of a banking corporation; and (4) where the party attempting service cannot with reasonable diligence serve an individual in any other category, the Secretary of State as provided by Corporations Code Section 1702." Gibble v. Car–Lane Research, Inc., 67 Cal. App. 4th 295, 303 (1998) (citing Cal. Code of Civ. Proc. § 416.10). Prior to seeking an order for service upon the Secretary of State, a plaintiff must demonstrate that "the corporation cannot be served with the exercise of due diligence in any other manner provided by law." Verizon California Inc. v. OnlineNIC Inc., No. C08-2832 JF(RS), 2008 WL 4279709, at *2 (N.D. Cal. Sept. 16, 2008) (quoting Viewtech, Inc. v. Skytech

USA, Inc., No. 07-CV-541-L, 2007 WL 1429903, at *1 (C.D. Cal. May 14, 2007)).

Plaintiff has demonstrated, by affidavit, that it made reasonable efforts and attempted service on the person designated as agent for service of process in California and Hawaii.  However, Plaintiff has not shown it attempted to effect service by "delivering a copy of the summons and the complaint . . . [t]o the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." Cal. Code Civ. Proc. 416.10(b).  See Gofron v. Picsel Techs., Inc., No. C09-4041 CW, 2010 WL 4807096, at *1 (N.D. Cal. 2010) (denying plaintiffs' request for an order permitting service on corporation through California Secretary of State because plaintiffs failed to provide an affidavit that service was attempted on the officers of the corporation); Verizon California Inc., 2008 WL 4279709, at *2 (denying plaintiffs' ex parte application for an order authorizing service on the defendant because they did not make reasonably diligent attempts to locate and serve a corporate officer).  Similarly, Plaintiff did not make a reasonable efforts, under section 416.10(a), to attempt service on an officer of the corporation.

**Conclusion**

Based on the above, the Court DENIES without prejudice Plaintiff's *ex parte* request for an order permitting service by way of the California Secretary of State. Plaintiff may re-file its motion after it makes reasonable diligent attempts to serve a corporate officer of Defendant.

IT IS SO ORDERED.

DATED: November 2, 2016

HON. GONZALO P. CURIEL
United States District Judge