# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DURANT d/b/a JOHN DURANT PHOTOGRAPHER,<br><br>Plaintiff,<br><br>v.<br><br>JONES FIRE PROTECTION, INC., a California Corporation,<br><br>Defendant. | CASE NO. 16cv2243-GPC(NLS)<br><br>**ORDER GRANTING PLAINTIFF'S SECOND EX PARTE APPLICATION FOR AN ORDER DIRECTING THAT SERVICE BE MADE ON THE CALIFORNIA SECRETARY OF STATE**<br><br>[Dkt. No. 5.] |

Before the Court is Plaintiff's second ex parte application for an order directing that service of summons be made on Defendant by personal delivery to the California Secretary of State as provided under California Corporations Code section 1702.

**Background**

On September 6, 2016, Plaintiff filed a complaint against Defendant for copyright infringement and violation of the Digital Millenium Copyright Act. (Dkt. No. 1., Compl.) On September 8, 9, 10, 11, and 12, 2016[1], Plaintiff attempted to personally service the Summons and Complaint on Defendant's designated agent for service of process in California, David Severson. (Dkt. No. 5-3, Thompson Decl., Ex.

---

[1] As the Court noted in its prior order, the Thompson declaration again contains a typographical error stating that service was attempted on August 8, 9, 10, 11 and 12, 2016. (Dkt. No. 5-3, Thompson Decl. ¶ 4; id., Ex. 2.)

2.) After a few attempts, a note was left on the door to advise of the attempted service and when the process server returned, the note was gone, the lights were on, but no one answered the door. (Id. ¶ 5.)

On September 22, 2016, Plaintiff attempted to serve Defendant through its registered agent for service of process, Douglas E. Jones, in Hawaii on three occasions on the same day. (Id. ¶ 6; id., Ex. 3.) Then on September 28, 2016 and September 29, 2016, the process server attempted personal service again and learned from a neighbor that the occupant is typically gone for weeks at a time and no one was seen at the property the week of September 26, 2016. (Id. ¶ 8.)

On October 12, 2016, Plaintiff filed an ex parte motion seeking to serve Defendant by way of personal delivery to the Secretary of State of California. (Dkt. No. 3.) On November 2, 2016, the Court denied Plaintiff's ex parte application and allowed Plaintiff to refile it after he made reasonable diligent attempts to serve a corporate officer of Defendant. (Dkt. No. 4.)

On November 8, 2016, after further research, it was discovered an address on 141 Quail Drive in Encinitas, CA associated with Jones. (Dkt. No. 5-3, Thompson Decl. ¶¶ 12, 13; id., Ex. 8.) On November 9, 2016, Plaintiff attempted to personally serve Defendant at the Quail Drive address at two different times but no one answered the door even though the lights were on. (Id. ¶ 14.) On November 10, 2016, the process server returned in the evening but no one answered, and on November 12, 2016, the occupant answered the door and reported that Jones was the previous owner. (Id. ¶ 15; id., Ex. 9.) The records from the Hawaii Department of Commerce and Consumer Affairs, and the California Secretary of state show that Douglas E. Jones is the sole corporate officer of Defendant. (Id. ¶¶ 16-18.) On October 20, 2016, Plaintiff received a returned Fed Ex package sent to Defendant at 1170 San Dieguito Drive, Encinitas, CA 92024 containing the prior ex parte application. (Id. ¶ 19; id., Ex. 10.) On November 7, 2016, a woman left a message and informed Plaintiff that Jones no longer lived at the address on San Dieguito Drive which was confirmed when the tax

1 | records were pulled.  (Id. ¶ 20; id., Ex. 11.)

**Discussion**

Federal Rule of Civil Procedure 4(h)(1)(A) provides that a corporation may be serviced "in the manner prescribed by Rule 4(e)(1)." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) states that service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

In California, a corporation may be served through four categories of individuals: "(1) a designated agent for service of process, (2) enumerated officers and other authorized agents of the corporation; (3) a cashier or assistant cashier of a banking corporation; and (4) where the party attempting service cannot with reasonable diligence serve an individual in any other category, the Secretary of State as provided by Corporations Code Section 1702." Gibble v. Car–Lane Research, Inc., 67 Cal. App. 4th 295, 303 (1998) (citing Cal. Code of Civ. Proc. § 416.10). Prior to seeking an order for service upon the Secretary of State, a plaintiff must demonstrate that "the corporation cannot be served with the exercise of due diligence in any other manner provided by law." Verizon California Inc. v. OnlineNIC Inc., No. C08-2832 JF(RS), 2008 WL 4279709, at *2 (N.D. Cal. Sept. 16, 2008) (quoting Viewtech, Inc. v. Skytech USA, Inc., No. 07-CV-541-L, 2007 WL 1429903, at *1 (C.D. Cal. May 14, 2007)).

In the Court's prior order, it found that Plaintiff had demonstrated, by affidavit, that it made reasonable efforts and attempted service on the person designated as agent for service of process in California and Hawaii. (Dkt. No. 4 at 3.) However, Plaintiff had not shown it attempted to effect service by "delivering a copy of the summons and the complaint . . . [t]o the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." Id. (quoting Cal. Code Civ. Proc. § 416.10(b) and citing Gofron v. Picsel Techs., Inc., No. C09-4041 CW,

2010 WL 4807096, at *1 (N.D. Cal. 2010) (denying plaintiffs' request for an order permitting service on corporation through California Secretary of State because plaintiffs failed to provide an affidavit that service was attempted on the officers of the corporation); Verizon California Inc., 2008 WL 4279709, at *2 (denying plaintiffs' ex parte application for an order authorizing service on the defendant because they did not make reasonably diligent attempts to locate and serve a corporate officer)).

In his second ex parte application, Plaintiff has demonstrated, by affidavit and supporting documents, that the agent for service of process in Hawaii, Douglas E. Jones, is also the sole corporate officer of Defendant. Diligent efforts were made to serve Douglas Jones in Hawaii in September 2016. In addition, additional attempts to serve were made at a couple of addresses mentioned in corporate records in San Diego County but without success. Despite diligent efforts, Plaintiff is unable to serve Jones Fire Protection, Inc.

## Conclusion

Based on the above, the Court GRANTS Plaintiff's second *ex parte* request for an order permitting service by personal delivery to the California Secretary of State.

IT IS ORDERED that service on Defendant Jones Fire Protection, Inc. be made by personal delivery to the Secretary of State of California, or to an assistant or deputy secretary of state, of three copies of the Summons and Complaint, together with three copies of this order, consistent with Corporations Code section 1702.

IT IS FURTHER ORDERED that the Secretary of State of California, Alex Padilla, serve this Order and the Summons and Complaint on Jones Fire's last known designated agent for service of process, David E. Severson at the following address:

1. 4433 Via Sepulveda, Unit 4, San Diego, CA 92122.

IT IS SO ORDERED.

DATED: December 15, 2016

HON. GONZALO P. CURIEL
United States District Judge